IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**In re: Application of** )
)
**JOSEPH E. BEST, JR.,** )
)
      Plaintiff/Petitioner, )    1:15cv81
)    **Electronic Filing**
      v. )
)
**JADA L. BEST** and )
**BRENDLYN TAMPLIN,** )
)
      Defendants/Respondents. )

# **OPINION**

Petitioner Joseph E. Best, Jr. commenced this proceeding pursuant to the Hague Convention seeking an order compelling the return of his minor children to Bermuda. An order directing that the minor children be transferred to petitioner's custody and permitting petitioner to return to Bermuda with them was entered after development of the record and an evidentiary hearing. Presently before the court is petitioner's Motion for Attorney's Fees and Costs pursuant to 22 U.S.C. § 9001 (formerly 42 U.S.C. § 11601) and 22 U.S.C. § 9007(b)(3) (formerly 42 U.S.C. § 11607(b)(3)). For the reasons set forth below, the motion will be granted.

The minor children are the son and daughter of petitioner and respondent Jada Best. On May 7, 2014, respondent filed an application with the Supreme Court of Bermuda to take the children on a vacation to visit family in Erie, Pennsylvania. It was represented that the trip would be from July 2, 2014 to July 30, 2014. On July 29, 2014, respondent contacted petitioner and indicated she and the children would not be returning to Bermuda until August 9, 2014. Thereafter, petitioner became aware of respondent's intent to remain in Erie with the children. Petitioner then filed a Hague Abduction application for return of the children.

On August 6, 2014, respondent filed a custody petition in the Court of Common Pleas of Erie County, Pennsylvania. In response, petitioner filed a Rule to Show Cause as to why the

complaint should not be dismissed based on the custody of the children being vested in the Bermuda court. After a hearing on October 2, 2014, the Court of Common Pleas issued an order dismissing the custody complaint for lack of jurisdiction.

On March 17, 2015, petitioner filed the instant proceeding seeking the return of the minor children to their habitual place of residence in Bermuda. After giving the parties time to develop the record, an evidentiary hearing was held on August 31, 2015. Following that hearing the court entered an Order on September 1, 2015, declaring that petitioner's application for relief under the Hague Convention was granted. It then ordered the children to be returned to Bermuda with petitioner and enjoined respondent from interfering with or impeding the orderly transfer of the children to petitioner's custody and/or their return to Bermuda.

On December 9, 2015, petitioner filed the instant motion seeking the recovery of the attorney's fees and costs incurred in regaining the children. Petitioner requests a total award of $23,915.14 and has submitted documentation in support.

Respondent challenges petitioner's motion on the grounds that the custody arrangement governing the children and her removal of them to Erie is still under review by the Supreme Court of Bermuda and therefore an order in favor of petitioner could prove to be prejudicial to her rights in that forum. Consequently, from her perspective awarding attorney's fees and costs "would be clearly inappropriate" under 22 U.S.C. § 9007(b)(3). Because this argument has no application to the motion at hand and this court already has granted petitioner relief under the Hague Convention, respondent has failed to show it "would be clearly inappropriate" to award necessary fees and expenses.

Respondent's violation of the statute virtually triggers an award of reasonable attorney's fees and costs. The traditional "American Rule" provides that the parties are "ordinarily responsible for their own attorney's fees." Truesdell v. Philadelphia Housing Auth., 290 F.3d

159, 163 (3d Cir. 2002). Thus, there is a "general practice of not awarding fees to a prevailing party 'absent explicit statutory authority.'" KeyTronic Corp. v. United States, 511 U.S. 809, 819 (1994) (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 262 (1975)).

An exception to the American Rule has been established under the Hague Convention on Civil Aspects of International Child Abduction wherein costs and fees explicitly are provided for in the implementing statute, the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001. ICARA provides:

> Any court ordering the return of a child pursuant to an action brought under [ICARA] shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of the proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

22 U.S.C. § 9007(b)(3). The purpose of shifting expenses to the abductor is both "to restore the applicant to the financial position he or she would have been in had there been no removal or retention, and to deter such conduct from happening in the first place." 51 Fed. Reg. 10494, 10511 (Mar. 26, 1986).

Petitioner seeks reimbursement of $21, 878.26 in attorney's fees. Under 22 U.S.C. § 9007(b)(3), petitioner is entitled to these fees unless respondent establishes that they "would be clearly inappropriate."

Petitioner's fee request is supported under the traditional principles governing review of fee petitions. In Hensley v. Eckerhard, 461 U.S. 424 (1983), the Court laid down the general standards governing the "reasonableness" of an award of attorney's fees. It explained: "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S.

3

at 433; see also Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001). This figure is commonly referred to as the "lodestar," or the guiding light in determining attorney fees. The lodestar approach was pioneered by the United States Court of Appeals for the Third Circuit in Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp., 487 F.2d 161 (3d Cir. 1973), appeal after remand, 540 F.2d 102 (1976), and has "achieved dominance in the federal courts" after the Court's decision in Hensley. The lodestar approach is the appropriate method for this court to use in determining the amount of reasonable attorney's fees that should be awarded to the prevailing party. Distler v. Dislter, 26 F. Supp.2d 723, 727 (D.N.J. 1998).

Under this approach, the party seeking attorney's fees has the burden to prove its request is reasonable. Hensley, 461 U.S. at 437; accord Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 178 (3d Cir. 2001) (the "fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and the hourly rates."). In order to meet this burden the plaintiff's counsel must present documentation sufficient to justify the fees. Hensley, 461 U.S. at 433. A fee petition should include "some fairly definite information as to the hours devoted to various general activities." Lindy Bros. Builders, Inc., 487 F.2d at 167. However, "it is not necessary to know the exact number of minutes spent, nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." Id.; Pawlak v. Greenawalt, 713 F.2d 972, 978 (3d Cir. 1983) (same).

A fee petition is required to be specific enough to allow the district court "to determine if the hours claimed are reasonable for the work performed." Pawlak, 713 F.2d at 978; Rode v. Dellarciprete, 892 F.2d 1177, 1190 (3d Cir. 1990). Where a petitioner's documentation is inadequate, a court "may reduce the award accordingly." Hensley, 461 U.S. at 433.

The party opposing the fee award then has the burden to challenge the reasonableness of the requested fee by specifically identifying the work being challenged and grounds for contending that those hours are unreasonable. Bell v. United Princeton Properties, Inc., 884 F.2d 713, 720 (3d Cir. 1989). A court may not voluntarily reduce the amount of the award when the defendant has failed to raise explicit arguments about the amount of time spent or the billing rate. Id. Once the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of the objections raised. Id. at 721 (citing Hensley, 461 U.S. at 437).

In calculating the hours reasonably expended, a court should "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" Public Int. Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995); see also Rode, 892 F.2d at 1183 ("The district court should exclude hours that are not reasonably expended."). This produces the amount of time to be awarded.

After determining the number of hours reasonably expended, the court must examine whether the requested hourly rate is reasonable. Rode, 892 F.2d at 1183. A reasonable hourly rate is determined by assessing the prevailing party's attorney's experience and reviewing the market rates in the relevant community for lawyers of comparable skill, experience, and reputation. Id. Once the reasonable hourly rate is identified, it is multiplied by the reasonable hours expended to reach the lodestar, which is presumed to be the reasonable fee. See Blum v. Stenson, 465 U.S. 886, 895 (1984).

Petitioner's attorney, Elizabeth Hughes, Esquire, seeks $199.72 per hour. This reflects a reduction from her usual rate of $225.00. The court finds this hourly rate to be reasonable.

Moreover, a review of Ms. Hughes's billing statements reflects that she performed her duties in an efficient manner and has provided sufficient documentation to justify the requested fees. She has documented 102.5 hours, which when multiplied by the reasonable hourly rate of $199.72 produces a total of $20,471.30.

Respondent has failed to challenge petitioner's request or provide specific reasons as to why an award of this amount would be unreasonable or "clearly inappropriate." Accordingly, petitioner's request for attorney's fees is reasonable and will be approved.

Petitioner also seeks reimbursement of $2,036.88 in airfare, hotel, and car rental costs. Under 22 U.S.C. § 9007(b)(3), petitioner is entitled to these costs as it was necessary for him (1) to fly to the United States, (2) stay 2 nights in order to attend the hearing, and (3) return with his children to Bermuda. Federal courts routinely have awarded transportation and lodging costs to attend court hearings. See, e.g., Paulus v. Cordero, 2013 U.S. Dist. LEXIS 20198 (M.D. Pa. 2013) (ordering reimbursement of $555.80 for airfare, $619.50 for bus fare, and $122.10 for lodging expenses); Distler, 26 F. Supp. 2d at 728 (awarding $2,422.00 for round trip flight and minor's airfare for return to his habitual residence) (citing Freier v. Freier, 985 F. Supp. 710, 714 (E.D. Mich. 1997)).

Moreover, petitioner has provided sufficient documentation regarding these expenses and respondent has failed to present a persuasive argument suggesting that an award of actual airfare, lodging, and transportation costs would be "clearly inappropriate." Accordingly, she will be ordered to pay $2,036.88 for his reasonable and necessary costs.[1]

---

[1] Petitioner's request for $1,407.26, which was charged to petitioner by counsel as actual out of pocket costs also will be approved as necessary costs. The $250.00 requested for petitioner's food and miscellaneous costs while in Erie on August 31, 2015, and September 1, 2015, will be

For the foregoing reasons, the court will grant petitioner's Motion for an Award of Attorney's Fees and Costs Pursuant to 22 U.S.C. § 9001 and 22 U.S.C. § 9007(b)(3) in the amount of $23,915.44.  An appropriate order will follow.

<u>Date: September 28, 2016</u>

                                                <u>s/David Stewart Cercone</u>
                                                David Stewart Cercone
                                                United States District Judge

cc:      Elizabeth L. Hughes, Esquire
         Edith Benson, Esquire

         (*Via CM/ECF Electronic Mail*)

---

denied.  The amount was not included in the total reflected in petitioner's motion and he would have had to eat and incur similar sundry expenses even in the absence of the hearing.